**Ahmed Mohamed WARSAMEH,
Petitioner,**

v.

---

1. Alternatively, Bates' post-arrest statements were likely admissible as admissions against

Alberto R. GONZALES,* Attorney
General, Respondent.

No. 03–71930.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 2005.

Decided Oct. 14, 2005.

E. Dennis Muchnicki, Muchnicki Law,
Dublin, OH, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA; Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA; Mary Jane Candaux, Esq., Anh–Thu P. Mai, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge,
PREGERSON and TROTT, Circuit
Judges.

MEMORANDUM **

Petitioner Ahmed Mohamed Warsemeh, a native and citizen of Somalia, petitions for review of the Board of Immigration Appeal's (BIA) summary affirmance of the immigration judge's (IJ) denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture. The IJ also found that Warsemeh's application was frivolous.

The IJ found that Warsemeh lacked credibility on the basis of inconsistencies in Warsemeh's testimony, false statements on a form filed in support of his asylum application, and the IJ's appraisal of his demeanor. We review the IJ's decision because it was summarily affirmed by the BIA without opinion, and is thus the final agency determination. 8 C.F.R. § 1003.1(e)(4); *Falcon Carriche v. Ashcroft,* 350 F.3d 845 (9th Cir.2003). We find that there is substantial evidence to support the IJ's adverse credibility determina-

---

self-interest. *See* Fed.R.Evid. 801(d)(2)(A).

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion and the finding of frivolousness, and therefore deny the petition.

Adverse credibility determinations must be supported by substantial evidence. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). Deference is given to the IJ's credibility determination, because the IJ is in the best position to assess the trustworthiness of the applicant's testimony. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 661 (9th Cir.2003). Credibility determinations founded on an applicant's demeanor are given "special deference." *Singh–Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir.1999). Warsemeh neglected to include relevant information regarding his employment and past residences on his biographical information G–325 Form. In addition, the IJ described numerous inconsistencies in his testimony which are amply supported by the record. The IJ's reasons are thus substantial and "bear a legitimate nexus to the finding." *Salaam v. INS*, 229 F.3d 1234, 1238 (9th Cir.2000).

The IJ also did not err in holding that the false statements on Warsemeh's G–325 Form support a frivolous filing determination. Under 8 U.S.C. § 1158(d)(6), any individual who knowingly files a "frivolous" application for asylum shall be permanently ineligible for any immigration relief under the Act. Warsemeh was given sufficient opportunity to explain the false statements, and his explanations were properly rejected by the IJ. *See* 8 C.F.R. § 1208.20; *Farah v. Ashcroft*, 348 F.3d 1153 (9th Cir.2003).

Petition DENIED.

PREGERSON, Circuit Judge, dissenting.

The Immigration Judge found Warsameh incredible based on insignificant discrepancies in his testimony. I believe that the minor inconsistencies in Warsameh's testimony cannot support the Immigration Judge's adverse credibility determination. *See Osorio v. INS*, 99 F.3d 928, 931 (9th Cir.1996). Warsameh gave plausible explanations for all minor inconsistencies in his testimony, *see Garrovillas v. INS*, 156 F.3d 1010, 1014 (9th Cir.1998), and the discrepancies between his testimony and the information in his Biographical Information Sheet (G–325 Form) are minor, and do not relate to his fear of persecution, *see Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir.2000). Finally, the IJ's statements regarding Warsameh's demeanor were speculative and fail to overcome the weight of Warsameh's testimony. *See Salaam v. INS*, 229 F.3d 1234, 1238 (9th Cir.2000).

In short, the trivial errors in Warsameh's testimony did not "go to the heart of the asylum claim, or reveal anything about [Warsameh's] fear for his safety." *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003). Warsameh's testimony, taken as true, establishes past persecution and a well-founded fear of future persecution. Thus, I would find that Warsameh is eligible for asylum and grant his petition.